UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| ADAM STREGE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SMITHFIELD HAM; XCEL ENERGY; CRAIG SCHAUNAMAN, in his individual and official capacities; MAYOR TRAVIS SCHAUNAMAN, Mayor of Aberdeen in his individual and official capacities; HURON, SD SOCIAL SECURITY OFFICE DIRECTORS, in there individual and official capacities; LLOYD LINKE, Western Area Power Administration in his individual and official capacities; WATER TOWN, SD SOCIAL SECURITY OFFICE DIRECTORS, in there individual and official capacities; HOFMANNTRUCKING; DAVE STREGE; and KIMBERLY KAZEMBA,<br><br>　　　　　Defendants. | 3:23-CV-03034-RAL<br><br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING FOR DISMISSAL |

　　　　Plaintiff Adam Strege filed a pro se lawsuit. Doc. 1. Strege moves for leave to proceed in forma pauperis. Doc. 3.

I.　**Motion for Leave to Proceed In Forma Pauperis**

　　　　A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to

proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Strege's financial affidavit, the Court finds that he has insufficient funds to pay the filing fee. Thus, Strege's motion for leave to proceed in forma pauperis, Doc. 3, is granted.

**II.     1915 Screening**

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663–64 (8th Cir. 1985). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain

2

recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting Twombly, 550 U.S. at 556).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Strege's pro se lawsuit cannot survive screening under 28 U.S.C. § 1915 because it fails to state a claim upon which relief could be granted. Strege's complaint repeatedly mentions the launch of nuclear missiles and bombs as well as the collapse of the World Trade Center. See generally Doc. 1. He claims that he worked as a journeyman carpenter, and a year later the Social Security Administration (SSA) determined that he could never work again. Id. at 11. He alleges that the SSA fabricated evidence to falsely arrest him and that he was falsely arrested by the Federal Bureau of Investigations in Puerto Rico. Id. at 11–12. Strege's claims are difficult to follow or understand, fail to state viable claims for relief and thus are subject to dismissal on screening. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Strege alleges a First Amendment retaliation claim because of a conspiracy to put a billion taxpayers' body parts and bodily fluids in hamburger meat and sub sandwiches. Doc. 1 at 2, 5.

He requests that this Court order the defendants to stop putting human taxpayers' body parts and bodily fluids in nuclear fuel. Id. at 2, 9. To allege a First Amendment retaliation claim, a plaintiff must "show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." Spencer v. Jackson Cnty., 738 F.3d 907, 911 (8th Cir. 2013) (quoting Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir. 2004)). Strege does not allege that he engaged in a protected activity, that a government official took action that would chill a person of ordinary firmness from continuing in a protected activity, or that an adverse action was partly motivated by exercise of a protected activity. See generally Doc. 1. Thus, Strege's First Amendment retaliation claim is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

Strege alleges that Xcel Energy, Hofmanntrucking, Smithfield Ham, Craig Schaunaman, Travis Schaunaman, South Dakota Social Security Directors, Lloyd Linke, Dave Strege, and Kimberly Kazemba violate genocide laws, and he specifically cites to 18 U.S.C. § 1091, 42 U.S.C. § 1346(b), 28 U.S.C. §§ 2671 through 2680, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 42 U.S.C. §§ 1331(a) through 1334, 42 U.S.C. §§ 2000bb-4 and 2000cc-2(a), the Racketeer Influenced and Corrupt Organizations Act (RICO), 42 U.S.C. § 1962(d), and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Doc. 1 at 2. Although Strege cites to a variety of laws, he does not explain how the laws apply to his situation or what actions the defendants allegedly took in violation of the laws. Simply referencing a variety of laws without describing their application does not state a claim upon which relief may be granted. Thus, the Court dismisses Strege's complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. Conclusion

Accordingly, it is

ORDERED that Strege's motion for leave to proceed in forma pauperis, Doc. 3, is granted. It is further

ORDERED that Strege's complaint is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED this 1st day of May, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE